IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIBEL MONTALVO-RÍOS

    Plaintiff,

        v.

MUNICIPALITY OF GUAYNABO, *et al.*

    Defendants.

CIVIL NO.: 14-1703 (MEL)

**OPINION AND ORDER**

On September 16, 2014, plaintiff filed a complaint against the defendants alleging retaliation in violation Title VII of the Civil Rights Act of 1964 and Law 115, P.R. Laws Ann. tit. 29, § 194 et seq and negligence in violation of Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. ECF No. 1. Discovery was set to conclude on November 9, 2015. ECF No. 15. The parties were granted an extension until December 11, 2015 to make available the deposition of Human Resources Director Eduardo Faria. ECF No. 18. Currently pending before the court on behalf of the plaintiff are a motion to compel (ECF No. 17) and motion for extension of time (ECF No. 29). Pending from the defendants are the motion for summary judgment (ECF No. 23), motion submitting exhibits to motion for summary judgment (ECF No. 24), motion for extension of time to file exhibit eight to the motion for summary judgment (ECF No. 25), motion for leave to file Spanish language documents (ECF No. 26), and motion submitting exhibit eight (ECF No. 27).

**I.   Motion to Compel**

Plaintiff's motion to compel relates to the deposition of Human Resources Director, Eduardo Faria ("the witness"). Plaintiff alleges that the combined actions of the witness and defense counsel frustrated the deposition process and deprives plaintiff's "right to conduct a fair examination in this important truth finding process." ECF No. 19, ¶ 5. The actions of defense counsel can essentially be divided into three categories: objection to the form of the question, translation or communication issues, and an "asked and answered" objection.

Plaintiff cites two examples of defense counsel objecting to the form of the question. ECF No. 19, 5-6, 10. Plaintiff alleges that these objections were "obstructive tactics" and that counsel was attempting to suggest an answer and cover it up with an objection. Id. 5, 10. In the first example, plaintiff's counsel asked if an individual named Margarita Rivera is doing the job duties that plaintiff used to perform. ECF No. 19-1, 26:19-27:4. Defense counsel then objected, specifically stating that his objection was to "the form of the question," because it contained "a false premise." Id. 27:6-7. The parties then attempted to contact chambers regarding the first objection; however, the deposition was being taken on the day of a local holiday for which the court was closed. See ECF No. 19, ¶ 4. The second example occurred in response to the question, "Did you consult with him, prior to making the decision … ?" ECF No. 19-1, 68:2-3. Defense counsel them objected "as to foundation," and argued that the witness's prior testimony was that the witness "made the recommendation, not the decision." Id., 68:6-10. The court understands that the parties agreed that the objections would not be waived, except those having to do with privilege or the form of the question.[1]  Thus, the defendant was entitled to prevent the witness

---

[1] This occurs in the untranslated portion of the deposition. Verbatim, the text reads, "Con relación a las estipulaciones evidenciarias las objeciones no se entienden renunciadas, excepto aquellas que tienen que ver con la forma y el privilegio de la pregunta." ECF No. 19-1, 3:2-8. If the parties believe this is not a correct translation, they shall file an informative motion submitting a certified translation of the entire deposition transcript.

from answering a question upon a good faith objection to the form of the question. It appears from reviewing the transcript that defense counsel both times articulated a problem with the formulation of the question, and plaintiff does not provide sufficient reason to challenge that characterization.

Plaintiff also identifies two objections that appear to stem from communication issues. In the first instance, defense counsel interrupted to request a question be asked again. ECF No. 19, 8-9. Plaintiff's counsel had asked a question, and the witness followed up by asking a clarifying question. ECF No. 19-1, 42:25-43:3. After plaintiff's counsel answered the witness's question, defense counsel interjected to request the original question be asked again. Id. 43:4-7. The second instance is when defense counsel, after one of the witnesses' answers, stated "And he also stated that there 'was a new, new regulations.'" Id., 51:23-24. The next few lines of the transcript make clear that this was an objection to the translation, a recurring circumstance throughout this deposition. Id. 52:1-8. Contrary to plaintiff's contention, neither of these objections rise to the level of coaching.

Plaintiff further alleges that defense counsel used the "asked and answered" objection without basis for the purpose of giving the witness the desired answer. Id. Plaintiff only points to one instance of this objection. Plaintiff's counsel asked the witness about an employee's work duties. ECF No. 19-1, 28:15-22. The witness then responded, "I don't have the details, but they're all in the file that we gave to you." Id. at 28:23-24. Plaintiff's counsel followed up by stating, "Okay. But I'm asking you. You have personal knowledge as to her duties. Do you know them?" Id. at 28:25-29:1. It was then that defendant objected. Regardless of the validity of this objection, plaintiff continued on the same line of questioning and did get an answer to her

question. Id. at 29:12-37:1. It is not apparent from the transcript that this was an attempt, as plaintiff characterizes it, to remind the witness that he had to stick to a previous answer.

Lastly, plaintiff objects to allegedly evasive answers given by the witness that ultimately resulted in the termination of the deposition. ECF No. 19, 10-11. Neither plaintiff nor the relevant portion of the transcript, however, provide sufficient basis for the court to find that the witness was being evasive. Plaintiff's counsel asks, "Did you consult with him prior to recommending the decision to the mayor?" ECF No. 91-1, 69:5-6. The transcript then reads: "(Begins to respond in Spanish and is interrupted.)" Id., 69:7-8. Plaintiff's counsel interjects, "If you keep doing this, I'm going to have to stop this deposition." Id., at 69:9-10. The witness then answers, "It wasn't necessary to consult with him." Id., at 69:11. Plaintiff's counsel immediately ended the deposition. Although the yes or no answer that plaintiff desired was not immediately forthcoming, it is not clear from the record that the witness was being evasive to the extent that would warrant the requested remedy.

Even viewed together these six examples do not rise to the level of obstructionism of which plaintiff complains. The plaintiff's motion to compel (ECF No. 19) is accordingly DENIED.

## II.     Motion for Summary Judgement and Ancillary Motions

The current state of defendants' filings for the motion for summary judgment is inadequate. Therefore ECF Numbers 23, 24, 25, 26, and 27 are hereby STRICKEN. By February 5, 2016 the defendants shall refile the motion for summary judgment with all exhibits and certified translations in a single docket entry.[2] Defendants shall Bates stamp any exhibits that do not have page numbers. In the proposed statement of facts, defendants shall label exhibits with

---

[2] This is not to say that all exhibits must be part of a single *document*, but only that they all must be part of a single *filing*.

either letters or numbers. The proposed statement of facts shall then make specific reference to the exhibit letter or number, page number, and, in the case of depositions, line number. Due to the voluminous nature of the exhibits, defendants shall deliver by February 5, 2016, a tabbed courtesy copy to chambers.

In light of this, plaintiffs shall have until February 16, 2016 to respond to defendants' corrected filing. Plaintiff's motion for extension of time is accordingly DENIED. When plaintiff does respond, should the total of the exhibits exceed fifty pages, plaintiff shall also provide a tabbed courtesy copy to chambers.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 2nd of February, 2016.

s/Marcos E. López  
U.S. Magistrate Judge