IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIBEL MONTALVO RIOS,  Plaintiff,  v.  MUNICIPALITY OF GUAYNABO, et al,  Defendants. | CIVIL NO.: 14-1703 (MEL) |

**OPINION AND ORDER**

Pending before the court is a motion for reconsideration by Maribel Montalvo Ríos ("Plaintiff"). ECF No. 102. Plaintiff requests reconsideration with respect to the findings in the court's opinion and order on summary judgment (ECF No. 92) that Plaintiff's exclusion from meetings, her cold shoulder treatment, and the temporary deprivation of some of her office equipment and supplies were not materially adverse employment actions. Lastly, Plaintiff submits that if the court excludes the above facts regarding her retaliation claim, she should not be barred from presenting those facts in support of her local tort claim under Article 1802.

**I. Exclusion from Meetings**

Plaintiff may present evidence of exclusion from work meetings to the extent that such exclusion constitutes a change in her role or duties. For example, Plaintiff may present evidence that she used to attend meetings with the Police Commissioner, the Administrator, or any other person, but no longer does so. However, Plaintiff has not cited sufficiently specific evidence in

the summary judgment record to show that regardless of whether she used to attend meetings with the Administrator, she is entitled to attend said meetings in her new role. Plaintiff claims she should be invited to meetings with the Administrator because the Administrator "holds meetings with civilians" and Plaintiff is "among the civilians." ECF No. 34-1 at pgs. 108-110. These general assertions are not sufficient. Furthermore, in her deposition, Plaintiff concedes the Administrator told her he has no supervisory role over her, and that Captain Martínez is her direct supervisor. ECF 34-1 at pg. 109-110.

### II. Cold Shoulder Treatment

The cold shoulder treatment Plaintiff alleges—such as being ignored by the Municipality's top officials—does not amount to a materially adverse employment action. Although it is true that actions not materially adverse individually can amount to a retaliatory hostile work environment (Billings v. Town of Grafton, 515 F.3d 39, 54 Fn 13 (1st Cir. 2008) (citing Noviello v. City of Boston, 398 F.3d 76, 93 (1st Cir. 2005)), Plaintiff did not allege a retaliatory hostile work environment claim in her complaint. Nevertheless, even if the cold shoulder treatment she alleges were considered collectively with other actions as a part of a retaliatory hostile work environment, the snubbing she alleges cannot be considered as a part of a retaliatory hostile work environment. The First Circuit has opined that the very act of filing a charge against a coworker will invariably cause tension and result in a less agreeable work place. Noviello v. City of Boston, 398 F.3d 76, 93 (1st Cir. 2005) (internal citations omitted). "The target of the complaint likely will have coworker-friends who come to his defense, while other coworkers will seek to steer clear of trouble by avoiding both the complainant and the target.

2

Although admittedly a source of unpleasantness in the workplace, such behavior should not be seen as contributing to a retaliatory hostile work environment." Id. Thus, under Plaintiff's circumstances, the mere fact that leaders in the Municipality refused to greet her—and any trickle-down effect that may have had on other employees—does not constitute a materially adverse employment action.

Lastly, Plaintiff contends that even if the court does not find her cold shoulder treatment constitutes a materially adverse employment action, she should be allowed to present evidence of the same to show pretext. Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if it has any tendency to make a fact of consequence more or less probable. Rule 403 of the Federal Rules of Evidence provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury, among other things. In this case, any minor probative value of the alleged cold shoulder treatment as to pretext is substantially outweighed by the danger of the jury using the same evidence for finding a materially adverse employment action. Therefore, Plaintiff may not present evidence at trial of the alleged cold shoulder treatment.

### II. Office Equipment and Supplies

Plaintiff next contends the court erred in determining the removal of some of her office equipment and supplies were not materially adverse. Plaintiff went without office supplies for approximately five days and the use of a computer for approximately two and a half weeks. This period of deprivation was relatively short, and the Municipality of Guaynabo provided Plaintiff office supplies the day after she raised the issue by means of a letter and provided a computer on

3

approximately the third day after she notified said letter. Due to technical problems with access to the computer, she went an additional week and a half until she was able to use her computer.

Plaintiff suggests the court's ruling was based on the erroneous grounds that because Plaintiff's duties were removed, she would not have been able to use her office equipment or supplies. To clarify, the court's ruling was based on the relatively short period Plaintiff went without some equipment and supplies. Federal courts have repeatedly held that an adverse employment action must affect more than a *de minimis* aspect of the employee's work. See Bowman v. Shawnee State Univ., 220 F.3d 456, 462 (6th Cir. 2000); Irizarry-Santiago v. Essilor Indus., 982 F. Supp. 2d 131, 136 (D.P.R. 2013) (citing Cham v. Station Operators, Inc., 685 F.3d 87, 94 (1st Cir. 2012)). Noting that deprivation of equipment and supplies may exceed the de minimis threshold under certain circumstances, the court pointed out that Plaintiff has presented no evidence that the short period she went without some equipment and supplies was especially harmful.

Nevertheless, Plaintiff correctly argues that removal of some of her equipment and supplies are relevant to showing that her duties were transferred to another employee. Although she may not present at trial evidence to show the temporary period she went without some equipment and supplies was materially adverse in and of itself, she may present at trial the same evidence to corroborate that her duties were in fact removed and transferred to another employee.

### III. Tort Claim under Article 1802

As to Plaintiff's tort claim, it is not evident what allegations in this case are not encompassed by the employment law statutes at issue. Courts in this district have repeatedly held

4

that, to the extent a specific labor or employment statute covers the conduct for which a Plaintiff seeks damages, she is barred from using the same conduct to also bring a claim for damages under Article 1802. See Echevarría v. AstraZeneca, LP, 133 F. Supp. 3d 372, 408 (D.P.R. 2015); Santana-Colon v. Houghton Mifflin Harcout Pub. Co., 81 F. Supp. 3d 129, 140 (D.P.R. 2014) (citing Pagán Colón v. Walgreens of San Patricio, Inc., 2014 T.S.P.R. 20, at *4–*5, 2014 WL 782822). Although Defendant failed to move for independent dismissal of the tort claim in the original motion for summary judgment, Defendant's opposition to Plaintiff's motion for reconsideration correctly states that Plaintiff has not plead any facts to put the court in a position to ascertain any tortious conduct independent of the retaliation claim. Therefore, Plaintiff's tort claim under Article 1802 is dismissed with prejudice.

For the foregoing reasons, the Plaintiff's motion for reconsideration (ECF No. 102) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of January, 2017.

s/Marcos E. López
U.S. Magistrate Judge